47 F.3d 1182
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re SIROFLEX OF AMERICA, INC., Petitioner.
 Misc. Dkt. No. 418.
 United States Court of Appeals, Federal Circuit.
 Jan. 13, 1995.
 
 S.D.Tex.
 PETITION DENIED.
 Before RADER, Circuit Judge, BENNETT, Senior Circuit Judge, and BRYSON, Circuit Judge.
 ON PETITION FOR WRIT OF MANDAMUS
 RADER, Circuit Judge.
 
 ORDER
 
 1
 Siroflex of America, Inc. (Siroflex) petitions for a writ of mandamus to direct the United States District Court for the Southern District of Texas to allow it to depose counsel for Jack T. Hupp and Walkmaker, Inc. (Walkmaker), to allow it to compel production of documents from counsel, and to allow it to call counsel to testify at the upcoming trial.* Walkmaker opposes.
 
 
 2
 This matter stems from Walkmaker's patent infringement suit against Siroflex filed in January 1994. Siroflex asserted inequitable conduct as an affirmative defense. On November 22, 1994, Walkmaker substituted counsel. New counsel was the attorney who prosecuted the patent in suit. Siroflex moved to preclude counsel from representing Walkmaker on the ground that it needed to depose counsel and to have him available as a witness at trial. Walkmaker moved to quash Siroflex's subpoena for an oral deposition of counsel. The district court held a hearing on the motions and, in essence, quashed the subpoena and decided that counsel could not be called to testify at trial. The district court concluded that Walkmaker's interrogatory responses and the record before the Patent and Trademark Office were sufficient for purposes of Siroflex's inequitable conduct defense. Siroflex petitions for a writ of mandamus to compel the district court to reverse these rulings.
 
 
 3
 Mandamus is an extraordinary remedy to be reserved for extraordinary situations. Gulfstream Aerospace Corp. v. Mayacamas Corp., 485 U.S. 271, 289 (1988). Although a simple showing of error may suffice to obtain a reversal on direct appeal, to issue a writ of mandamus under such circumstances would undermine the settled limitations on the powers of an appellate court to review interlocutory orders. Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980). Thus, only exceptional circumstances amounting to a usurpation of judicial power will justify the invocation of this extraordinary remedy. Id. In order to insure that a writ issues only in extraordinary circumstances, the Supreme Court requires that a party seeking issuance have no other adequate means to obtain the relief desired and that the party show that its entitlement to the writ is clear and indisputable. Id.
 
 
 4
 While we are not unsympathetic to Siroflex's arguments that it is more efficient to review allegations of error before trial, pretrial rulings where one party alleges error are not uncommon and will not justify issuance of a writ absent extraordinary circumstances. In this case, the trial court balanced the competing interests of the parties and ruled against Siroflex. If Siroflex does not prevail at trial Siroflex may, of course, seek review of this ruling on appeal after final judgment. Under these circumstances, we cannot say that Siroflex has carried its heavy burden of showing entitlement to a writ.
 
 
 5
 Accordingly,
 
 IT IS ORDERED THAT:
 
 6
 Siroflex's petition for a writ of mandamus is denied.
 
 
 
 *
 Siroflex also requested that the district court be directed to conduct a jury trial rather than a bench trial. The district court has now granted Siroflex's request for a jury trial. Thus, that aspect of the petition is moot